Argued May 13, reversed and remanded July 24, 1969

# OREGON-WASHINGTON VEGETABLE AND FRUIT GROWERS ASSOCIATION, INC., *Appellant, v.* SUNSET PACKING COMPANY, *Respondent.*

456 P2d 1002

34

*William G. Paulus,* Salem, argued the cause for appellant. With him on the briefs were Paulus & Callaghan, Salem.

*Ernest Bonyhadi,* Portland, argued the cause for respondent. With him on the brief were Hardy Myers, Jr., H. Jay Folberg, and Rives & Schwab, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE* and HOLMAN, Justices.

GOODWIN, J.

The trial court, after hearing the opening statements of counsel and examining two depositions which the parties stipulated should be received as evidence, dismissed the complaint with prejudice. From this decree, which on its face appears to bar all future litigation by persons represented by the plaintiff as well as by the plaintiff itself, the plaintiff appeals.

The plaintiff is a cooperative association, the constituent members of which are growers of fruits and vegetables. The defendant is a processor of fruits and vegetables. The plaintiff association has contracts both with its individual member growers and with the defendant processor. The defendant processor also has separate contracts with the individual growers. The contracts between the growers and the association confer upon the association the exclusive right to bargain with processors, including the defendant

---

* Denecke, J., did not participate in the decision in this case.

processor, for prices to be paid for produce. The contracts between the individual growers and the defendant processor, which are silent on the subject of prices, deal with individual acreage allotments and other matters not involved in this litigation.

The plaintiff association brought a declaratory proceeding, which was treated as a suit in equity, for the purpose of securing a judicial declaration that the prices actually paid by the defendant processor to the various growers during the 1966 crop year were lower than the prices that the processor should have paid to the growers.

■ From the opening statement of counsel and from the depositions of the plaintiff's manager, the trial court concluded that the plaintiff association was not entitled to declaratory relief. The record showed that the processor had never reached an agreement with the association on any price greater than the minimums contained in the basic contract between the association and the processor. In the absence of an agreed price, the trial court was of the opinion that the association and the processor had merely "agreed to agree" on prices. The court then concluded that because no specific agreement on prices was ever reached, the processor was not bound to pay higher prices than those which it paid to the growers. This ruling, on the record then before the court, appears to be inconsistent with ORS 72.3050:

"(1) The parties if they so intend can conclude a contract for sale even though the price is not settled. In such a case the price is a reasonable price at the time for delivery if:

"(a) Nothing is said as to price; or

"(b) The price is left to be agreed by the parties and they fail to agree; or

"(c) The price is to be fixed in terms of some agreed market or other standard as set or recorded by a third person or agency and it is not so set or recorded.

"(2) A price to be fixed by the seller or by the buyer means a price for him to fix in good faith.

"(3) When a price left to be fixed otherwise than by agreement of the parties fails to be fixed through fault of one party the other may at his option treat the contract as canceled or himself fix a reasonable price.

"(4) Where, however, the parties intend not to be bound unless the price be fixed or agreed and it is not fixed or agreed there is no contract. In such a case the buyer must return any goods already received or if unable so to do must pay their reasonable value at the time of delivery and the seller must return any portion of the price paid on account."

In addition to the legal questions concerning the rights of the parties who were before the court, there was the further complication that whatever was decided would substantially affect growers who were not before the court.

■ The trial court refused to hear evidence, and also refused to permit the plaintiff even to make a record under the equity rule. The plaintiff's theory never was allowed to surface from the somewhat bewildering procedural picture which confronted the trial court. The final decree not only denied the association its day in court, but also denied all the farmers represented by the association the benefits of such representation.

■ We find nothing in the contracts presently before us to justify the court's conclusion that the processor had the right unilaterally to fix any prices it saw

fit to pay so long as it paid the contractual minimums. The provisions for maximum and minimum prices obviously contemplated some kind of good-faith negotiations with the association on the matter of prices. Prices were left open for a reason. Under the circumstances, we believe evidence should have been taken so that the plaintiff association could get its legal theory before the court. ORS 42.220; 42.240; *Arbogast et al v. Pilot Rock Lbr. Co.*, 215 Or 579, 585, 336 P2d 329, 72 ALR2d 712 (1959); *U. S. Nat. Bank v. Guiss et al*, 214 Or 563, 593, 331 P2d 865 (1958); *Doherty et ux v. Harris Pine Mills, Inc.*, 211 Or 378, 315 P2d 566 (1957); *Barmeier v. Oregon Physicians' Service*, 194 Or 659, 672-673, 243 P2d 1053 (1952). With the record in the shape in which it arrived in this court, we cannot find justification for the trial court's decree.

The decree must be reversed with instructions to permit the parties to file amended pleadings if they so desire, and to put on such evidence as may be relevant to such pleadings. If, after a trial on the merits, the association is unable to prove that its members are entitled to higher prices than those paid, then it would be proper for the court to enter a decree in bar of further litigation. On the record made below, however, such a decree was premature.